BARTLETT, J.
—Were it not for an erroneous ruling sustaining an objection to a question asked of the plaintiff in rebuttal, we should not interfere with the judgment in the present case. The action was brought to recover the aggregate amount of a number of loans of money, alleged to have been made chiefly in the empire of Russia, by the plaintiff to the defendant. The defendant denied having borrowed the money, with the exception of two items,—being $24, loaned to him for a ticket from Hamburg to Hew York, in 1889, and twenty roubles in cash, lent at the samo time. As to these items, the answer expressly alleged that the two *518 said sums of money were repaid to the plaintiff, by the defendant within a few weeks after his arrival in this country, in October, 1889. The pleadings thus presented a direct issue as to the payment of these two amounts. The defendant testified in his own behalf that, as soon as he came to this country, in 1889, he became engaged in Poole’s Theater, on Eighth street, New York, as a writer; that, when he received $100 from this theater, about ten days after he came here, he repaid the plaintiff for the passage ticket and the twenty roubles, by giving him $35. He further stated that the payment was made to the plaintiff in the theater, immediately after he received the $100. The plaintiff, being called in rebuttal, positively denied having received payment. He swore that he never received any money from the defendant, in any theater. The plaintiff was then asked, “Q. Do you know how much he earned in that theater ?” This question was objected to as immaterial, the objection was sustained, and the plaintiff excepted. The next question was, “Q. Did he say to you how much he earned in that theater?” The court sustained the objection of the defendant’s counsel to this question, as immaterial, and not in rebuttal, and an exception was duly taken in behalf of the plaintiff. It seems to us that the learned trial court erred in excluding the testimony sought to be elicited by this last question. The plaintiff, when he testified in support of his primary case, was not called upon to go into the matter of the alleged payment at the theater in October, 1889. It became proper for him to give evidence on that subject only after the defendant had introduced proof to support his plea of payment at that time. After such proof had been laid before the jury, the plaintiff, it seems to us, had a clear right to give his version of the circumstances concerning the alleged payment, and, furthermore, to testsfy to any admissions by the defendant, if any had been made to him, tending to show that the defendant never actually received the fund of $100 out of which he claimed to have paid his debt. The evident purpose of the question as to whether the defendant had told the plaintiff how much he earned in that theater was to show that the defendant’s own statement of his earnings there was inconsistent with his present claim that when he had been in this country only about ten days he had received from the theater as much as $100. It is impossible to say that the erroneous exclusion of such testimony was not harmful to the plaintiff. The case was one in which the evidence was very conflicting, and in which even slight circumstances, if admissible in evidence, might affect the result. But a declaration by one of the parties tending to discredit his own testimony would not be a slight circumstance, but one of considerable significance, and the effect of the ruling which we have considered was to prevent the introduction of evidence tending to establish such declarations. The judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event.
•All concur. ^